**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JACKIE LEE BROOKS** | § | |
| | § | |
| **v.** | § | **Case No. 5:25cv133-JRG-JBB** |
| | § | |
| **DIRECTOR, TDCJ-CID** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Jackie Lee Brooks, proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus challenging the legality of his convictions. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

**I. Background**

Petitioner was convicted on September 28, 2012, on his plea of guilty to the state jail felony offenses of possession of a controlled substance and attempted possession of marijuana, receiving punishments of two days in jail, which he immediately discharged through time served. He did not appeal but sought state habeas corpus relief in June of 2024, arguing that he pleaded guilty to misdemeanors and not felonies. According to Petitioner, the judge explicitly stated on the record that the offenses would be treated and punished as Class A misdemeanors, but the judgments reflect that the offenses were state jail felonies. As a result, Petitioner contends that these judgments were used to enhance a later federal sentence, which was rendered by the U.S. District Court for the Northern District of Mississippi in 2018.

Petitioner argues that a conflict exists between this oral pronouncement by the trial court and the written judgments. He claims that counsel was ineffective for failing to object to the written judgment's classification of the offenses as state jail felonies and by failing to explain to him that the convictions still counted as felonies, leading to their later use for enhancement. Had counsel done so, Petitioner says that he would have insisted on going to trial or pursued a different plea strategy.

Respondent filed an answer, arguing that Petitioner is not in custody under the

convictions which he challenges and so the Court lacks jurisdiction to consider his claims, citing *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). Petitioner has filed a response saying that according to *Lackawanna County*, a federal habeas petition under 28 U.S.C. § 2254 can be construed as asserting a challenge to the later sentence as enhanced by the allegedly invalid prior conviction, and so if he cannot seek habeas corpus relief targeted at his prior conviction, his petition should be construed as asserting a challenge to the later sentence enhanced by the prior convictions, bringing him within the jurisdiction of the Court. He also argues the merits of his challenges to the Texas convictions.

**II. The Report of the Magistrate Judge and Petitioner's Objections**

On July 2, 2026, the Magistrate Judge issued a Report recommending that the petition be dismissed (Docket No. 9). The Magistrate Judge stated that in *Lackawanna County*, the defendant Edward Coss received multiple convictions in 1986 as part of a lengthy criminal record. In 1990, after serving his 1986 convictions in full, Coss received yet another conviction in 1990, and the 1986 were considered for enhancement of the 1990 sentence. The Supreme Court ultimately determined that Coss could not challenge the 1986 sentences because he was no longer in custody under these sentences, but he could challenge the 1990 conviction; however, because the 1986 convictions were no longer subject to direct or collateral attack, those convictions are regarded as presumptively valid. The Court stated that if such a presumptively valid conviction is later used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County*, 532 U.S. at 403. The Court did specify that an exception existed if the prior conviction had been obtained without counsel. *Id.*

In the present case, the Magistrate Judge said that Petitioner is not in custody under the two Texas convictions, meaning that the Court lacks jurisdiction to entertain challenges to these convictions. The Magistrate Judge also observed that although Petitioner argues that his federal conviction was enhanced by the Texas convictions, he cannot challenge a Mississippi

conviction in the Eastern District of Texas. Thus, the Magistrate Judge recommended that the petition be dismissed.

In his objections, Petitioner says that he is challenging the constitutional validity of the guilty plea proceedings in his Texas cases. According to Petitioner, the guilty plea proceedings were constitutionally infirm, his pleas were not knowing or voluntary, he received ineffective assistance of counsel, the written judgment varied from the oral pronouncement, and a certificate of appealability should issue. Docket No. 10.

**III. Discussion**

As the Magistrate Judge explained, Petitioner is not in custody under the Texas convictions to which he refers. As a result, the Court lacks jurisdiction to consider the challenges to these convictions which Petitioner sets out in his petition and his objections. *Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989), *citing Maleng v. Cook*, 490 U.S. 488, 490 (1989). The petition cannot be construed as a challenge to the Mississippi conviction which he is currently serving, even if the Texas convictions were used for enhancement in that case, because such a challenge must be brought under 28 U.S.C. § 2255 in the Northern District of Mississippi, the court wherein Petitioner was convicted of the offense for which he is currently in custody. *Beras v. Johnson*, 978 F.3d 246, 250 (5th Cir. 2020) (Section 2255 motions must be filed in the prisoner's court of conviction). Because the Court lacks jurisdiction over challenges to the Texas convictions which have been fully served as well as the Mississippi conviction, the Magistrate Judge correctly recommended that the petition be dismissed.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability is denied *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 14th day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE